JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Melton
3036 N. Hemberger Street
Philadelphia, PA 19132

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Wheeler, Esquire
1617 JFK Blvd, Suite 1270
Philadelphia, PA 19103     214-568-2900

## DEFENDANTS
City of Philadelphia, Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19103

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USCS 1983
Brief description of cause:
Monell Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/13/2013
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3036 N. Hemberger Street, Philadelphia, PA 19132

Address of Defendant: 1515 Arch Street, 4th Floor, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: 3036 N. Hemberger Street, Philadelphia, PA 19132
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jonathan Wheeler _____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: May 13, 2013          Jonathan Wheeler          12649
                            Attorney-at-Law           Attorney I.D.#

**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 13, 2013          Jonathan Wheeler          12649
                            Attorney-at-Law           Attorney I.D.#

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Charles Melton | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| **May 13, 2013** | **Jonathan Wheeler** | **Charles Melton** |
| Date | Attorney-at-law | Attorney for |
| **215-568-2900** | **215-568-2900** | **Jwheeler@jwheelerlaw.com** |
| Telephone | FAX Number | E-Mail Address |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES MELTON
3036 N. Hemberger Street
Philadelphia, PA 19132

vs.

CITY OF PHILADELPHIA
Police Officer, John Doe #1
City of Philadelphia
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19103

and

CITY OF PHILADELPHIA
Police Officer, John Doe #2
City of Philadelphia
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19103

and

CITY OF PHILADELPHIA
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19103

Civil Action No.:
**Jury Trial Demanded**

## CIVIL ACTION COMPLAINT

Charles Melton, by his attorneys Jonathan Wheeler, P.C., files this Civil Action Complaint against City of Philadelphia Police Officer John Doe #1 (John Doe #1) and City of Philadelphia Police Officer John Doe #2 (John Doe #2) and City of Philadelphia, as follows:

**I.   IDENTIFICATION OF PARTIES AND BASIS FOR JURISDICTION**

1. Charles Melton is an individual residing within the City and County of Philadelphia, Commonwealth of Pennsylvania at the address set forth above.

2. Defendant John Doe #1 is a police officer for the City of Philadelphia whose identity is presently unknown to plaintiff but is one of the plain clothes officers involved in the incident on October 11, 2011 which is the subject matter of this litigation whose identity will be established through further discovery in this matter.

3. Defendant John Doe #2 is a member of the Philadelphia Police Department whose identity is presently unknown to plaintiff who was a plain clothes officer involved in the incident of October 11, 2011 which is the subject matter of this litigation whose identity will be established through further discovery in this matter.

4. Defendant City of Philadelphia is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania which employed police officers John Doe #1 and John Doe #2 and established policies and procedures before police officers which were in full force and effect at the time of the incident on October 11, 2011.

5. This action is brought pursuant to statutes of the United States of America and thereby invoke the Federal Jurisdiction of this Court pursuant to statutes 42 U.S.C. §1983, 1985 and 1986 this being a civil action for deprivation of rights secured under the constitution and laws of the United States of America. In addition, pending jurisdiction of this Court is invoked for State Law claims arising from the incident of October 11, 2011.

6. A venue is proper in the United States District Court for the Eastern District of Pennsylvania since the operative acts giving rise to this action occurred in the City of Philadelphia which is in the territorial jurisdiction for the United States District Court for the Eastern District of Pennsylvania.

## II. OPERATIVE FACTS

7. Plaintiff is the owner of property located at 2838 W. Huntingdon Street, Philadelphia, Pennsylvania 19132-3546.

8. On or about October 11, 2011 John Doe #1 and John Doe #2, acting under color of state law and as police officers employed by the City of Philadelphia effected forcible entry into plaintiff's property located at 2838 W. Huntingdon Street, Philadelphia by breaking the entrance door to gain access to the premises.

9. The action by defendants John Doe #1 and John Doe #2 was performed pursuant to a warrantless search and without probable cause in violation of the 4th and 14th amendments to the United States Constitution.

10. Plaintiff was not present in the premises at the time forcible entry was effected by police officers John Doe #1 and John Doe #2.

11. After making forcible entry to plaintiff's premises by breaking the door and conducting their warrantless search without probable cause defendants John Doe #1 and John Doe #2 left plaintiff's premises without securing the door or otherwise taking steps to secure the premises against entry by uninvited intruders or persons unknown.

12. After breaking and entering plaintiff's premises pursuant to a warrantless search and without probable cause defendants John Doe #1 and John Doe #2 took no steps to notify plaintiff of the condition of his premises being open and accessible to uninvited persons or vagrance unknown.

13. By taking possession of plaintiff's property through their warrantless breaking and entering defendants John Doe #1 and John Doe #2 effectively assumed possession and control of the premises which was not relinquished since they did not notify plaintiff of their actions so that

plaintiff could take timely steps to secure the building against unwanted entry by unknown persons or vagrance.

14. The City of Philadelphia had in effect a policy and procedure which permitted police officers to conduct warrantless searches through breaking and entering private property and then vacating the property without notifying the owners of the condition of the property which was left open to unwanted intruders and vagrance thereby depriving plaintiff and others similarly situated of property rights secured by the constitution and laws of the United States and in violation of the 4th and 14th amendments of the United States Constitution.

15. Subsequent to the acts by defendants John Doe #1 and John Doe #2 unknown person or persons entered plaintiffs property and vandalized same by forcibly removing copper pipes, electrical wires and other building elements and contents as a result of which plaintiff has been deprived of the ownership, use and possession of his property.

## COUNT I - 42 USCS § 1983

16. Plaintiff incorporates by reference herein the averments set forth in the foregoing paragraphs of plaintiff's Complaint, as fully as though same were set forth at length.

17. At all time material hereto defendants John Doe #1 and John Doe #2 were acting under color of State law to effect their warrantless forcible entry into plaintiff's premises by acting in their capacity as police officers for the City of Philadelphia.

18. The conduct by defendants John Doe #1 and John Doe #2 were purposeful, intentional and performed without regard for the property owned by plaintiff and were otherwise performed in a willful, wanted and reckless manner with full manner that this conduct created an eminent risk of harm to plaintiff's property.

19. In effecting forcible entry into plaintiff's property, as a foresaid and in failing to

secure the property after breaking down the door; or to notify plaintiff that his property had been left in a vulnerable and unsecured condition, defendants John Doe #1 and John Doe #2 purposely, recklessly, willfully and wantedly deprived plaintiff of property rights secured by the Constitution and Laws of the United States.

WHEREFORE, plaintiff demands judgment against defendants John Doe #1 and John Doe #2 for compensatory damages, counsel fees, costs of suit, punitive damages and such other relief as the court may deem equitable and just.

## COUNT II - 42 USCS § 1985

20. Plaintiff incorporates by reference herein the averments set forth in the foregoing paragraphs of plaintiff's Complaint, as fully as though same were set forth at length.

21. Defendants, John Doe #1 and John Doe #2 acted in conspiracy to deprive plaintiff of property rights secured under the laws of the Constitution Laws of the United States and committing the acts set forth above.

WHEREFORE, plaintiff demands judgment against defendants John Doe #1 and John Doe #2 for compensatory damages, counsel fees, costs of suit, punitive damages and such other relief as the court may deem equitable and just.

## COUNT III - Claim Pursuant to
## Monell v. Department of Social Services of the City of New York

22. Plaintiff incorporates by reference herein the averments set forth in the foregoing paragraphs of plaintiff's Complaint, as fully as though same were set forth at length.

23. At the time of the events set forth above defendant City of Philadelphia had in place a policy or custom which permitted police officers in the performance of their duties to make warrantless, forcible entry into private property and to thereafter leave the property in an unsecured

and vulnerable condition without notifying the property owner of same.

24. Defendants, John Doe #1 and John Doe #2, in committing the acts set forth above acted in accordance with the policy or custom established by the City of Philadelphia in effecting warrantless, forcible entry onto private property owned by plaintiff and in leaving the property in an unsecured and vulnerable condition without notifying plaintiff of same.

25. Defendant, City of Philadelphia is liable under the doctrine set forth in *Monell v. Department of Social Services of the City of New York* 98 S.Ct. 2018, 438 U.S. 658 (1978) for damages committed by its police officers in their official capacity where the violation of plaintiff's rights was the produce of the custom or policy of the City of Philadelphia.

WHEREFORE, plaintiff demands judgment against the City of Philadelphia for compensatory damages, counsel fees, costs of suit, punitive damages and such other relief as the court may deem equitable and just.

### COUNT IV Pendant State Law Claims

26. Plaintiff incorporates by reference herein the averments set forth in the foregoing paragraphs of plaintiff's Complaint, as fully as though same were set forth at length.

27. Plaintiff invokes the pendant jurisdiction of this court with respect to State Law claims against defendants John Doe #1 and John Doe #2 and City of Philadelphia.

28. By effecting forcible, warrantless entry into plaintiff's property and in leaving the property in an unsecured and vulnerable condition without notifying plaintiff of same defendants effectively took possession and control of plaintiff's real property.

29. Liability for damages arising from real property, in the care, custody and control of defendant, City of Philadelphia is a specific exception to the immunities granted under the Political Subdivision Tort Claims Act.

30. A direct, factual and proximate cause of the damages and losses suffered by plaintiff was the carelessness and negligence of defendant City of Philadelphia acting by and through its duly authorized agents, servants, workman or employees, consisting as follows:

    a. in failing to secure plaintiffs property after breaking down the door thereby leaving it in an unsecured and vulnerable condition;

    b. in failing to notify plaintiff that they have broken down the door to his property thereby leaving it in an unsecured and vulnerable condition;

    c. in failing to take reasonable, proper and adequate steps to secure the premises or to notify plaintiff that the door had been broken and the property left in an unsecured and vulnerable condition;

    d. in failing to warn plaintiff that his property had been rendered unsecured and vulnerable as a result of the acts of defendants.

31. As the direct, proximate and factual result of these acts or omissions plaintiff has suffered damage to his building and its contents for the repair and replacement of which plaintiff will have to expend a fair and reasonable sum.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, costs of suit and such other relief as the court may deem equitable and just.

                              LAW OFFICES OF JONATHAN WHEELER, P.C.

                              BY: *Jonathan Wheeler / jw994*
                                    JONATHAN WHEELER, ESQUIRE
                                    Attorney I.D. No.: 12649
                                    One Penn Center - Suite 1270
                                    1617 JFK Boulevard
                                    Philadelphia, PA 19103
                                    (215) 568-2900
                                    Attorney for Plaintiff(s)