IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MELTON | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 13-2633 |
| Defendants | : | |

**<u>MEMORANDUM & ORDER</u>**

Ditter, J.                                                                                                                                            July 7, 2014

      Plaintiff, Charles Melton, has filed this action against the City of Philadelphia and two of the City's police officers, Officer Christopher Dougherty and Officer Miguel Figueroa, for violations of his federal civil rights and Pennsylvania state law when the police officers allegedly entered Plaintiff's property without a warrant or probable cause. Before me is the defendants' motion for summary judgment, which I will grant.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

      Charles Melton contends that on October 11, 2011, two Philadelphia police officers, who he later identified as the individual defendants, unlawfully entered and searched his property located at 2838 W. Huntington Street, Philadelphia, Pennsylvania.[1] *Am. Compl.* ¶ 8. He was not present at the property at the time. *Id.* ¶ 10. Melton alleges that the officers forced entry into the property by breaking down the door and did so without a warrant or probable cause. *Id.* ¶¶ 8-9. As a result of the officers' entry to the property and their departure without securing it or notifying Plaintiff, Melton contends that unknown third parties entered the property, took items, including tools, copper pipes, and other building elements, and caused damage to the property. *Id.* ¶¶ 11-12, 15.

---

[1] It appears from a review of the record that the property at issue was not Melton's residence.

The record indicates that Melton first learned of this incident and the condition of his property five days later, when he returned to the property on October 16, 2011. *See Pl.'s Resp.*, Exh. B (City of Philadelphia memorandum prepared by Internal Affairs Division dated July 16, 2013). When he and a companion arrived at the property, Melton noticed that the rear door was damaged and open, and that items had been taken from inside. *Id.* He also learned from neighbors that the police were searching for someone on October 11 and that the officers entered his property, went upstairs, and then left without securing the door. *Id.*

Melton commenced this civil action against the City and Officers John Doe #1 and John Doe #2 by filing his four-count complaint on May 14, 2013. Plaintiff brought claims against the individual officers pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of his property rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, as well as a pendant state law claim for recovery of damages to real property caused by the negligence of the City acting through its agents. Melton also alleged a claim against the City pursuant to *Monell v. Department of Social Services*, 438 U.S. 658 (1978), for damages committed by its officers as a result of the City's custom or policy.[2] Melton then filed an amended complaint on November 22, 2013, wherein he identified the individual officers by name. *See* Dkt. 11. The City having filed its motion for summary judgment and Melton having responded, the matter is now ripe for consideration.

## II.     STANDARD OF REVIEW

The standard for summary judgment is well established. I must consider the evidence in the light most favorable to the non-moving party. If there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment is

---

[2] Plaintiff has conceded that there is a lack of evidence to support a *Monell* claim against the City of Philadelphia. *See Pl.'s Resp.* at 8. Thus, Count III is dismissed.

appropriate.  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.

However, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions to defeat a summary judgment motion.  Here, Melton must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  He "must present affirmative evidence in order to defeat a properly supported motion" and cannot "simply reassert factually unsupported allegations." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1992).  He cannot "merely rely upon conclusory allegations in [his] pleadings or in memoranda and briefs." *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992).

### III.  DISCUSSION

Melton's claims against the defendants are premised on the unlawful entry into and search of his property – that is, forcible entry and search without a warrant or probable cause and the officers' subsequent conduct in failing to secure the premises or notify Plaintiff of the condition of his property.[3]  In other words, entry into Melton's property is a necessary predicate to all of Plaintiff's claims.  The defendants argue that there is no evidence that the police officers were even at Plaintiff's property, much less evidence that they illegally entered the building.  *See Defs.' Br.* at 2.  Accordingly, for Melton to avoid summary judgment, he must point to sufficient evidence to create a genuine issue of material fact as to whether Officers Dougherty and Figueroa entered Plaintiff's property on the date in question.

---

[3] 42 U.S.C. § 1983 states that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…."  Conspiracy to deprive an individual of such rights and privileges is prohibited under 42 U.S.C. § 1985.

Plaintiff's evidence merely demonstrates that Officers Dougherty and Figueroa were, in the plaintiff's own words, "in the vicinity of the property on the night that Mr. Melon's property was entered by the police." *See Pl.'s Resp.* at 3.  The record evidence shows that the officers were in the area of Huntingdon and Dover Streets on the evening of October 11, 2011, conducting a narcotics investigation which resulted in the arrest of two individuals.[4] *See Pl.'s Resp.*, Exh. C (Philadelphia Police Arrest Report).  There is no evidence Officers Dougherty and Figueroa came onto 2838 W. Huntingdon Street or entered it, nor is there any indication the officers' police work that evening required pursuit of or search for a suspect in the area.[5] *See id.*; *see also Pl.'s Resp.*, Exh. E (statement of Det. Miguel Figueroa to Internal Affairs Division); *Pl.'s Resp.*, Exh. B, at 6-7.

Plaintiff's own brief admits that the officers were only in the area of his property, or that they must have been "directly outside" his property.  *See Pl.'s Resp.* at 3.  This evidence falls quite short of putting the officers on Plaintiff's property, in his property, or breaking in the door of his property.

Something more, other than Plaintiff's guesswork or stretched inference, is required to raise a triable issue of fact as to whether any police officers, yet alone Officers Dougherty and Figueroa, entered and searched Melton's property.  Plaintiff was not present when his property was broken into, so he cannot testify as to who entered the premises – whether it was a police officer, a vagabond, or the Easter Bunny.  Instead, Plaintiff claims that he has three witnesses to support the fact that "two police officers were seen breaking into Mr. Melton's property on

---

[4] I take judicial notice of the fact that the location of one of the arrests, 2822 W. Huntingdon Street, and the general area of surveillance conducted by Philadelphia police officers, is located in or near the same block as Melton's property.

[5] The arrest report indicates two individuals were arrested, one female in a vehicle and a male on the street after exiting 2822 W. Huntingdon Street, and that police conducted a search, with consent from the owner, of 2822 W. Huntingdon Street.  *See Pl.'s Resp.*, Exh. C.

October 11, 2011." *Pl.'s Resp.* at 4.  Plaintiff does not, however, offer deposition testimony or a sworn affidavit from any of these individuals, nor does he say that any of them would be available to testify at trial.

Rather, Melton offers a memorandum produced by the Philadelphia Police Internal Affairs Division to the Police Commissioner as part of an investigation into Melton's complaint filed with the Police Advisory Commission in November 2011.  *See Pl.'s Resp.*, Exh. B.  Within that report, the reporting officer noted brief discussions with Anthony Capers, Willie Natal, and "a male named Bob,"[6] during a neighborhood survey conducted in January 2012.  *Id.* at 2.  Indeed, these individuals reported that the police broke into Melton's property without a "visible warrant" and left the property unsecured.  *Id.* at 2-3.  The report also noted the assigned investigator's repeated, unsuccessful attempts to locate the witnesses for follow-up or more formal interviews.  *See id.*[7]

This report and the statements contained therein are hearsay.  Not only is the report itself hearsay, but the report contains the witnesses' statements that were made to Joseph Chaffin, of the Police Advisory Commission, who then relayed that information to the assigned investigator, Lt. Richard Thompson, to include in the report.  *See id.* at 1-2.  Plaintiff fails to explain how any of these layers of hearsay would be admissible at trial.  Although the report itself may be admissible under a valid exception to the hearsay rules of evidence, Melton offers the witnesses' statements for the truth of the matter asserted and they do not meet any hearsay exception.  "Hearsay statements that would be inadmissible at trial may not be considered for purposes of

---

[6] This individual is sometimes referred to as "Rob" and other times as "Bob" in the report.

[7] The report also discusses several unsuccessful attempts to reach and interview Nortavin Rogers, an individual who may have also witnessed the incident.  While Rogers could not be located to be interviewed for the internal affairs report, Lt. Robert Ritchie, who was the responding officer on the day Melton discovered the state of his property, was interviewed.  Ritchie reported speaking with Rogers on October 16, after Melton indicated that he was the only witness to what had happened.

summary judgment." *Smith v. City of Allentown*, 589 F.3d 684, 693-94 (3d Cir. 2009). Because the statements are inadmissible hearsay, I cannot consider them as evidence now.

As a result, the only evidence Melton can identify to show that the officers entered his property is the police report and other documents demonstrating that Officers Dougherty and Figueroa were conducting a drug operation and making arrests in the vicinity of Plaintiff's property. This is not enough. No reasonable fact-finder could conclude, based on this evidence alone, that the defendants unlawfully entered Plaintiff's property, searched it, and left it unsecured and vulnerable to damage and theft.

Without evidence of entry into Plaintiff's property, Melton's §§ 1983 and 1985 claims based on an unlawful entry and search of his property and conspiracy to do so must fail. Moreover, the same is true of Melton's state law claim[8] regarding treatment of his property as he cannot point to any evidence that the defendants ever occupied his property. Consequently, I must grant the defendants' motion for summary judgment.

An appropriate order follows.

---

[8] Because Plaintiff cannot state a claim for a violation of Pennsylvania state law, there is no need to address whether the City and/or the individual officers are immune from liability under the Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. § 8541 *et seq*.